1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

JENNIFER ELAINE FLORES,

                     Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

Case No. 3:14-cv-05663-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12
13
14
15
16
17
18
19

      Plaintiff has brought this matter for judicial review of the defendant Commissioner's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, the Commissioner's decision to deny benefits is reversed and remanded for further administrative proceedings.

20

FACTUAL AND PROCEDURAL HISTORY

21
22
23
24
25
26

      On June 17, 2008, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of February 1, 1995[1], due to neuritis, depression, polycystic ovarian syndrome, and mood disorder. *See* Administrative Record ("AR") 349-51, 381, 390. Her applications were denied upon initial administrative review and on reconsideration. *See* AR 191-94, 199-202. A

---

[1] Plaintiff amended her onset date to July 1, 2007, at the August 2012 administrative hearing.  AR 95.

ORDER - 1

hearing was held before an administrative law judge ("ALJ") on February 22, 2010, at which

Plaintiff, represented by counsel, appeared and testified, as did a vocational expert and a medical

expert. *See* AR 36-90. On May 21, 2010, the ALJ issued a decision finding Plaintiff not disabled.

*See* AR 139-49.

Plaintiff's request for review of the ALJ's decision was granted by the Appeals Council

on April 23, 2012, and the case was remanded for further proceedings. *See* AR 182-85. The ALJ

held an additional hearing in two parts, in August 2012 and January 2013, and issued a second

decision denying Plaintiff's applications on January 31, 2013. *See* AR 11-27, 91-131. The

Appeals Council denied review of this decision on July 16, 2014, making the ALJ's second

decision the Commissioner's final decision. *See* AR 1-6; *see also* 20 C.F.R. § 404.981, §

416.1481.

On August 21, 2014, Plaintiff filed a complaint in this Court seeking judicial review of

the ALJ's decision. *See* Dkt. 1, 3. The administrative record was filed with the Court on October

28, 2014. *See* Dkt. 10, 11. The parties have completed their briefing, and thus this matter is now

ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for a

finding of disability, because the ALJ erred in evaluating the medical evidence in the record. The

Commissioner agrees that the ALJ erred in evaluating the medical evidence, but argues that the

case should be remanded for further additional proceedings. The Court finds that while the

Commissioner's decision should be reversed, this matter should be remanded for further

administrative proceedings for the reasons explained below.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by

ORDER - 2

the Court, if the "proper legal standards" have been applied and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." (citing *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'" (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971))). [2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

Where the Court concludes that an ALJ's decision is erroneous, the Court retains discretion to remand the matter to the Commissioner for further proceedings, or for a finding of disability if further proceedings would not be useful. *See Treichler v. Comm'r of Social Security Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). In order to determine which type of remand is appropriate, the Ninth Circuit has set out a three-step procedure. The first step is satisfied if the ALJ has "failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Next, the Court considers whether the record has been fully developed, for purposes of considering whether further administrative proceedings would be useful. *Treichler*, 775 F.3d at 1101. This second step is satisfied if it is "'clear from the record that the ALJ would be required to award benefits.'" *Id.* (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001)). If the first two steps have been met, then the Court may credit the disputed evidence as true and then determine whether the overall record makes clear that the claimant is disabled. *Id.*

In this case, the parties agree that the first step has been satisfied, based on the ALJ's errors in assessing the medical evidence. The Commissioner's brief does not identify the ALJ's errors, however, and therefore provides no guidance as to why further consideration of the medical evidence is warranted. This failure to specify the conceded error undermines the Commissioner's argument that, as to the second *Treichler* step, further proceedings are necessary.

The Commissioner's unhelpful briefing notwithstanding, the Court finds that further proceedings are necessary in this case because the ALJ found that Plaintiff's subjective statements were not credible, and Plaintiff does not assign error to that finding. The ALJ identified many ways in which Plaintiff's allegations of disabling limitations were inconsistent

ORDER - 4

with various parts of the record. *See* AR 19-21. That Plaintiff's testimony is undisputedly not

credible prevents the Court from concluding that the record clearly indicates that Plaintiff is

disabled, because there are significant factual conflicts between what Plaintiff alleges and what

the objective medical record supports. *See* AR 19-20. Even assuming that the ALJ erred in

assessing the medical opinion evidence, as the Commissioner does without providing any

meaningful explanation as to why she concedes this point, Plaintiff's lack of credibility raises

"serious doubts" as to her disability, such that further proceedings would be useful. *Treichler*,

775 F.3d at 1101; *Eckberg v. Colvin*, 594 Fed. Appx. 390, 391-92 (9th Cir. Feb. 26, 2015).

Therefore, the second *Treichler* step is not satisfied and remand for a finding of disability is not

appropriate.

On remand, the ALJ shall reassess the medical opinions of David Mashburn, Ph.D.;

Melanie Mitchell, Psy.D.; Carmen Croicu, M.D.; and Maxine Hoggan, Ph.D. The ALJ shall

consider whether his or her reassessment of those opinions warrants reconsideration of other

parts of his or her decision.[3]

## CONCLUSION

Based on the foregoing discussion, the Court hereby REVERSES and REMANDS this

matter for further administrative proceedings in accordance with the findings contained herein.

DATED this 6th day of April, 2015.

Karen L. Strombom
United States Magistrate Judge

---

[3] The Commissioner's brief sets out various conditions on remand (ECF # 22 at 8-9) without explaining why those conditions are necessary or how they are related to the conceded error. The Court's order focuses only on the conceded error, but does not prevent the ALJ from reconsidering or further developing any portion of the record as deemed necessary.

ORDER - 5